### No. 2160
### Second Circuit

### MILLAR v. BAILES

(April 8, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625.**
Where the evidence clearly shows that plaintiff and defendant were co-owners

of crossties; that the defendant was to receive the whole amount and remit to the plaintiff the amount due him within fifteen days after the ties were shipped; the finding of the trial court, being clearly correct, will be affirmed.

Appeal from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuels, Judge.

Action by Burke Millar against L. T. Bailes.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dimick & Hamilton, of Shreveport, attorneys for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendant, appellant.

WEBB, J.  The plaintiff, Burke Millar, and defendant, L. T. Bailes, were co-owners of a lot of crossties which were sold by the latter, and in this action plaintiff recovered judgment against defendant for the proportionate amount of the sale price corresponding to the interest of plaintiff in the ties; from which judgment defendant appeals.

The defense set up in the trial court, and which is urged for the reversal of the judgment, is that the ties were sold by defendant for the joint account of both parties and that plaintiff should proceed against the purchaser for the proportionate amount due him.

The transaction by which the parties acknowledged co-ownership of the ties, and their written agreement as to the sale of the same, shows that defendant had the right to sell and that he obligated himself to pay plaintiff a proportionate amount of the sale price within fifteen days after the date the ties were shipped; but it is con-

tended that the written agreement was modified by mutual agreement of the parties to the extent that defendant would have the purchaser remit direct to plaintiff.

It is not shown that defendant was released from the obligation to pay plaintiff within fifteen days from the date the ties were shipped; neither does it affirmatively appear that defendant sold the ties for the joint account of himself and plaintiff with the understanding that the purchaser would account directly to the plaintiff for any portion of the price, and it is established that long after the sale of the ties defendant had admitted he owed plaintiff the amount claimed, and promised to pay.

The judgment appealed from is therefore affirmed at defendant's cost.